# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 CR 25-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| EDWARD NUNZIO ALUOTTO. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on July 2, 2009 and further being heard before this court, pursuant to a violation report (#136) filed in this matter on June 22, 2009, in which it is alleged the defendant has violated the terms and conditions of his pretrial release. It appearing to the court at the call of this matter on for hearing that the defendant was present with his attorney, Richard Lee Yelverton, III and the government was present and represented through Assistant United States Attorney Corey Ellis. From the arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On April 7, 2009 a bill of indictment was issued charging the defendant with conspiracy to traffic in methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1) and 846. On July 2, 2009, the undersigned held an inquiry,

pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and accepted a plea of guilty of the defendant to that charge. At the end of the Rule 11 proceeding, this court presented the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2). The hearing of the violation report was held open by the court until after the Rule 11 proceeding could be completed.

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----
>
>     (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
>     (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or
>
>     (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears that the defendant has now entered a plea of guilty on July 2, 2009 to conspiracy to violate 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned has made an inquiry of Assistant United States Attorney Corey Ellis as to whether or not there was going to be a recommendation

that no sentence of imprisonment be imposed upon the defendant. Mr. Ellis advised the court that such a recommendation could not be made in this matter. The undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted in that the defendant has entered a plea guilty. It would thus appear, and the court is of the opinion that the court is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2). The direction given in the statute is one mandatory in nature. The statute provides as follows: "the judicial officer <u>shall</u> order...". As a result, the undersigned has no alternative other than to issue an order revoking the terms and conditions of pretrial release of the defendant and ordering that the defendant be detained.

In light of the order that the undersigned is required to enter ordering the detention of the defendant, pursuant to 18 U.S.C. § 3143(a)(2), the hearing of the violation report is rendered moot. If it were proven to the court that the defendant had violated the terms and conditions of his pretrial release, then one of the actions that this court could take would be to revoke the terms and conditions of pretrial release of the defendant. As a result of the plea of guilty of the defendant, it is mandatory that the undersigned revoke the terms and conditions of pretrial release and therefore no additional relief can be had by either the defendant or the government.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter and the hearing of the violation report (#136) filed in this matter is hereby rendered **MOOT** and is thus **DENIED**.

Signed: July 9, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge